# Exhibit A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** COGNIZANT TECHNOLOGY SOLUTIONS,
***(AVISO AL DEMANDADO):*** U.S. CORPORATION, a Delaware Corporation,
and DOES 1-25; inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** THERESA PICCIOTTI, an
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** individual,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County Of Los Angeles

**JAN 12 2017**

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):* **BC 6 4 6 5 7 1**

Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California 90012
Stanley Mosk Courthouse

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas N. Silverstein, Esq. (SBN 181957)        310-273-3180 phone   310-273-6137 fax
Lauren J. Morrison, Esq. (SBN 266135)
KESLUK, SILVERSTEIN & JACOB, P.C.
9255 Sunset Boulevard, Suite 411, Los Angeles, California 90069

DATE: **JAN 12 2017**   **SHERRI R. CARTER**   Clerk, by _____ C.L. COLEMAN , Deputy
*(Fecha)*               *(Secretario)*                                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**


Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

JAN 12 2017

Sherri R. Carter, Executive Officer/Clerk
By: Charlie L. Coleman, Deputy

1  Douglas N. Silverstein, Esq., SBN 181957
   Lauren J. Morrison, Esq., SBN 266135
2  KESLUK, SILVERSTEIN & JACOB, P.C.
   9255 Sunset Blvd., Suite 411
3  Los Angeles, CA  90069-3309
   Telephone:  (310) 273-3180
4  Facsimile:  (310) 273-6137
   Email: dsilverstein@californialaborlawattorney.com
5  Email: lmorrison@californialaborlawattorney.com

6  Attorneys for Plaintiff THERESA PICCIOTTI

7

8              SUPERIOR COURT OF CALIFORNIA

9        COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  THERESA PICCIOTTI, an individual,      CASE NO.   BC 646571

12        Plaintiff,                       PLAINTIFF'S COMPLAINT FOR
                                           DAMAGES
13        v.
                                           1.  Gender Discrimination in Violation of
14  COGNIZANT TECHNOLOGY                        FEHA;
    SOLUTIONS, U.S. CORPORATION, a      2.  Failure to Maintain an Environment Free
15  Delaware Corporation, and DOES 1-25;       From Discrimination and Retaliation;
    inclusive,                          3.  Retaliation in Violation of FEHA;
16                                          4.  Wrongful Termination in Violation of
          Defendant.                           Public Policy; and
17                                          5.  Labor Code §970.
18
                                           PUNITIVE DAMAGES
19
                                           DEMAND FOR JURY TRIAL
20
                                           UNLIMITED JURISDICTION
21

22

23

24

25

26

27

28

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

1
PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff THERESA PICCIOTTI, an individual, alleges as follows:

1.     Plaintiff THERESA PICCIOTTI ("Plaintiff") at all times relevant to this Complaint would have been an individual residing in the County of Los Angeles, State of California.

2.     Defendant COGNIZANT TECHNOLOGY SOLUTIONS, U.S. CORPORATION ("Cognizant" or "Defendant"), a Delaware corporation, at all times relevant to this Complaint was, and is, doing business in the County of Los Angeles, State of California.

3.     Plaintiff does not know the true names or capacities of the Defendants sued as DOES 1 through 25, inclusive.  Thus, Plaintiff sues these Defendants under fictitious names. When their true names and capacities have been ascertained, Plaintiff will amend this Complaint. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants were the agents, servants, and employees of each of the named Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, servitude, and employment and with the permission, consent, and approval, or subsequent ratification, of each of the named Defendants.  Reference to "Defendants" includes the named Defendants and the DOE Defendants.

4.     Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the Defendants was the agent and/or employee of each of the remaining Defendants, and each of them was at all material times acting within the purpose and scope of such agency and employment.

5.     Plaintiff is informed and believes, and based thereon alleges, that at all material times, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the predecessors, affiliates, alter egos, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

6.     Plaintiff is further informed, and believes, and on that basis alleges that one or more of the remaining named and/or unnamed Defendants are the successors of one or more of the remaining named and/or unnamed Defendants.  Such successors are liable for the occurrences,

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

2

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  damages, and injuries alleged herein to the same extent its predecessors are liable for the alleged
2  occurrences, damages and injuries.

3        7.      Plaintiff alleges that Defendants acted as the employers and/or joint employers of
4  Plaintiff, and that they shared control of Plaintiff as an employee, either directly or indirectly.
5  This control includes, but is not limited to, the authority to hire and fire, assign work tasks,
6  engage in day-to-day supervision of employees, and controlling employee records.

7        8.      Plaintiff alleges that Defendants were the alter-egos of one or more of the
8  remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their
9  own benefit and/or the benefit of one or more of the remaining named and/or unnamed
10  Defendants.    Plaintiff alleges that Defendants were acting on behalf of each other in the
11  establishment of, ratification of, and/or execution of the illegal practices and policies as set forth
12  in this pleading.  Plaintiff is further informed and believes, and thereon alleges that at all time
13  relevant hereto Defendants had decision-making responsibility for, and establishment and
14  execution of, illegal practices and policies for each other and are, therefore, liable on the causes of
15  action herein.

16        9.      Plaintiff is further informed, and believes, and on that basis alleges that
17  Defendants failed to adhere to corporate and legal formalities.  Plaintiff is informed and believes,
18  and based thereon alleges, that at all material times, one or more of each unnamed Defendants
19  was in some fashion, by statute, law or otherwise, the agent, agency, branch, department or the
20  like of one or more of the remaining named and/or unnamed Defendants for the acts alleged
21  herein and was acting within that capacity.

22        10.    Plaintiff further is informed, and believes, and on that basis alleges that there exists
23  such a unity of interest and ownership between Defendants that the individuality and separateness
24  of those Defendants have ceased to exist.  The business affairs of Defendants are, and at all times
25  relevant hereto were, so mixed and intermingled that the same cannot reasonably be segregated,
26  and the same are in inextricable confusion.  Defendants were used as mere shells and conduits for
27  the conduct of certain of other Defendants' affairs.  The recognition of the separate existence of
28  Defendants would not promote justice, in that it would permit Defendants to insulate themselves

Keslik, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

1  from liability to Plaintiff.  Accordingly, Defendants constitute the alter egos of each other, and the

2  fiction of their separate existence must be disregarded at law and in equity, because such

3  disregard is necessary to avoid fraud and injustice to Plaintiff herein.

4      11.    All conditions precedent (exhaustion of administrative remedies) to jurisdiction

5  has been complied with.  Plaintiff timely filed charges against Defendants with the California

6  Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue"

7  notice.  These documents have been timely served on Defendants via certified mail with return

8  receipt requested.

9                            **GENERAL ALLEGATIONS**

10     12.    On or about November 9, 2015, Plaintiff became employed as a consulting

11  manager for Defendants.

12     13.    Prior to accepting the position with Defendant, Defendant's vice president Joe

13  Navarre made the following knowingly false representations to Plaintiff over the phone, in person

14  and/or in writing:

15     a)     Defendant will cover relocation expenses in Los Angeles, California;

16     b)     Plaintiff will be given a position at one of Defendant's Los Angeles, California

17            client sites;

18     c)     Plaintiff will have the title of "senior manager" while working for Defendant;

19     14.    Plaintiff relied upon these representations in accepting the position with

20  Defendant, and turned down other job opportunities in doing so. Plaintiff moved her belongings

21  into storage, and gave up her residence in Carlsbad, California in anticipation of her move.

22  Defendant's representations were false, as there was no position for Plaintiff in Los Angeles,

23  California.

24     15.    After Plaintiff accepted the position with Defendant, management pressured her to

25  take a position located in Northern California. Plaintiff pointed out that she relied upon the

26  written and oral representations of Mr. Navarre that she would be placed in Los Angeles. Plaintiff

27  was instructed to interview with clients in Northern California, and Defendant would look into

28  positions in Los Angeles County.

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

4

PLAINTIFF'S COMPLAINT FOR DAMAGES

16.     During this period, Plaintiff discovered that male managers with her position who had equal or lesser experience were earning higher salaries than she was at Defendant.

17.     Plaintiff is informed and believes, and thereon alleges, that her male counterparts with equal or lesser experience were paid higher salaries than Plaintiff and other female employees with the same position. Plaintiff is further informed and believes, and thereon alleges, that the reason for the disparity in compensation between Plaintiff and the male employees in her office was gender.

18.     In or about late November of 2015, Plaintiff complained to Defendant's human resources department that she believed Defendant was discriminating against women managers by paying them far less than men in the same position. Plaintiff complained to human resources, because she reasonably believed Defendant was illegally discriminating against herself and other female managers by compensating them less to perform the same work as men.

19.     On or about December 15, 2015, within a few weeks of lodging her complaint of gender discrimination, Plaintiff was notified by vice president Joe Navarre that she was being released from the division in which she was hired to work.  Plaintiff was told she would be given six (6) weeks to conduct a job search within Defendant and secure another position. Plaintiff was told that if she did not secure a new position within Defendant after the expiration of the six weeks, then she would be terminated. Plaintiff immediately emailed Defendant's recruiters to start the search process, and look for new positions.

20.     On or about December 22, 2015, Defendant's VP Navarre called Plaintiff and informed her that she would no longer be given six (6) weeks to find a new job, and was terminated effective January 5, 2016.

21.     On or about January 5, 2016, Plaintiff was retaliated against, and wrongfully terminated for objecting to and complaining about discrimination on the basis of her gender.

/ / /

/ / /

/ / /

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

5

PLAINTIFF'S COMPLAINT FOR DAMAGES

### FIRST CAUSE OF ACTION

### GENDER DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a)

### (Against Defendant and DOES 1-25, Inclusive)

22.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

23.     Defendants and/or its agents and employees are entities or individuals subject to suit under the DFEH Act and *Government Code* §§ 12940, *et seq*.   These sections require Defendants to refrain from discriminating against employees because of the employee's sex and also require all Defendants to take immediate and appropriate corrective action when they know, or should know, of sexual discrimination against an employee by an officer, manager or person in their employ.

24.     At all times mentioned herein, Plaintiff was a person entitled to the protection of the law afforded by *Government Code* § 12940(a), which makes it unlawful to discriminate against a person on account of that person's sex.

25.     Plaintiff was, at all material times during her employment, a competent and professional employee.

26.     Plaintiff suffered adverse employment actions as described above.

27.     Plaintiff is informed and believes and based thereon alleges that her sex was a motivating reason for Defendants' adverse employment actions, including but not limited to Defendants' wrongful termination of Plaintiff.

28.     This discrimination violates *Government Code* § 12940(a), and was a substantial factor in causing damage and injury to Plaintiff, as alleged herein.

29.     As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

6

PLAINTIFF'S COMPLAINT FOR DAMAGES

30.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount according to proof.

31.     The acts and conduct of Defendants, and each of them, including but not limited to NAVARRE, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

32.     The acts of Defendants, and each of them, including but not limited to NAVARRE, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

33.     Plaintiff is further entitled to attorneys' fees pursuant to Government Code Section 12965(b).

## SECOND CAUSE OF ACTION

## FAILURE TO TAKE ALL STEPS TO PREVENT DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(k)

### (Against Defendant and DOES 1-25, Inclusive)

34.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

35.     At all material times, *Government Code* § 12940(k) was in full force and effect and was binding upon Defendants, and each of them. This subsection requires Defendants, and each of them, to take all reasonable steps necessary to prevent discrimination from occurring. As

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

7

PLAINTIFF'S COMPLAINT FOR DAMAGES

alleged above, Defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination from occurring.

36.     Defendants' failure to prevent gender or sex discrimination and maintain an environment free discrimination was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

37.     As a direct and proximate result of the failure to prevent discrimination described herein, Plaintiff has suffered lost wages and other benefits of employment in an amount according to proof.

38.     As a further direct and proximate result of Defendants' unlawful acts, Plaintiff has sustained serious personal injuries, including but not limited to, emotional distress, pain and suffering, all in an amount according to proof.

39.     As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

40.     The acts and conduct of Defendants, and each of them, including but not limited to NAVARRE, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

41.     The acts of Defendants, and each of them, including but not limited to NAVARRE, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

///

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA  90069
Tel: (310) 273-3180
Fax: (310) 273-6137

8

PLAINTIFF'S COMPLAINT FOR DAMAGES

42.    Plaintiff is further entitled to attorneys' fees pursuant to Government Code Section 12965(b).

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940(h)

### (Against Defendants and DOES 1-25, Inclusive)

43.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

44.    Defendants, and each of them, and/or its agents/employees, are entities or individuals subject to suit under the DFEH Act and *Government Code* §§ 12940, *et seq.*

45.    At all material times, *Government Code* § 12940(h) was in full force and effect and was binding upon Defendants, and each of them.  This subsection requires Defendants, and each of them, to refrain from discriminating against a person who has opposed and/or complained about discrimination and harassment based on gender.

46.    During Plaintiff's employment with Defendants, Plaintiff objected to Defendants' discriminatory treatment of her as alleged above.  As a result, and in retaliation against Plaintiff for her actions, Defendants, and each of them, subjected Plaintiff to adverse employment actions as described above, including, but not limited to, terminating Plaintiff.

47.    The foregoing described adverse employment actions were taken in part or in whole because of Plaintiff's objections and opposition to, and resistance of Defendants' actions, as well as Plaintiff's efforts to exercise her rights under the FEHA.

48.    In engaging in the aforementioned conduct, Defendants, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

49.    Defendants' retaliation violated *Government Code* § 12940(h) and the public policies embodied therein, and was a substantial factor in causing damage and injury to Plaintiff as alleged herein.

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

9

PLAINTIFF'S COMPLAINT FOR DAMAGES

50.     As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

51.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount according to proof.

52.     As a proximate result of the conduct of Defendants, and each of them, Plaintiff has suffered general and special damages in an amount according to proof, including interest thereon at the maximum legal rate.

53.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

54.     The acts and conduct of Defendants, and each of them, including but not limited to NAVARRE, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California Civil Code 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

55.     The acts of Defendants, and each of them, including but not limited to NAVARRE, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention of the Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

56.     Plaintiff is further entitled to attorneys' fees pursuant to Government Code Section 12965(b).

/ / /

/ / /

/ / /

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

10

PLAINTIFF'S COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against Defendant and DOES 1-25, Inclusive)

57.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all of the allegations contained in this Complaint, and incorporate them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

58.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California Government Code §12940 was to prohibit employers from discriminating and retaliating against any individual based on sex and based upon exercise of rights under that section.  This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in discriminating and retaliating against and terminating and failing to rehire Plaintiff on the grounds stated above was wrongful and in contravention and violation of the express public policy of the State of California, to wit, the policy set forth in California Government Code §12940 *et seq.*, and the laws and regulations promulgated thereunder.

59.     Defendants' discharge of Plaintiff violated the aforementioned fundamental principles of public policy in that there is a substantial and fundamental policy in the right to employment free of sex-based discrimination, harassment, and retaliation as delineated in the FEHA and California Constitution Article I, § 8 which establishes this state's firm public policy to eradicate sex-based discrimination, harassment, and retaliation.

60.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, economic damages in earnings and other employment benefits in an amount according to proof.

61.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain, non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

11

PLAINTIFF'S COMPLAINT FOR DAMAGES

62.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

63.     The acts and conduct of Defendants, including the acts of NAVARRE, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California <u>Civil Code</u> § 3294(c)), in that these acts were intended by Defendants to cause injury to Plaintiff and/or constituted despicable conduct carried on by the Defendants with willful and conscious disregard of the rights of Plaintiffs.

64.     The acts of the Defendants, including the acts of NAVARRE, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of <u>Civil Code</u> § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation, including the acts of NAVARRE.   The actions and conduct of the Defendants were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants with the intention of the Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

**FIFTH CAUSE OF ACTION**

**LABOR CODE § 970 et seq.**

**(Against Defendants and DOES 1-25, inclusive)**

65.     As a separate and distinct cause of action, Plaintiff complains and realleges all the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

66.     California <u>Labor Code</u> § 970 specifically and expressly prohibits any person from making any misrepresentations of the kind, character or length of time the work will last in order to induce another person to relocate to or within the State of California.   Similarly, Section 971 makes violation of Section 970 a misdemeanor punishable by fine and/or imprisonment of not more than six months. In addition to the criminal penalty set forth in Section 971, Section 972 imposes double damages liability on any person or persons who violate Section 970.

Kesluk, Silverstein & Jacob,
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

67.     By the action and conduct as herein alleged, Defendants and each of them violated California Labor Code §§ 970 *et seq.*

68.     As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

69.     As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

70.     The aforementioned willful and outrageous conduct of Defendants was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendants to Plaintiff.   Defendants, and each of them, aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above.   Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendants and each of them, in an amount to be established that is appropriate.

71.     Plaintiff lost income because she was prevented from taking advantage of other potential opportunities when she accepted Defendant's offer based on Defendant's misrepresentations as herein alleged.

72.     But for Defendant's failure to allow Plaintiff to perform the position as it was represented to her, she would not have been terminated by Defendant.   Plaintiff therefore lost income as a direct result of the termination.

73.     As a direct, foreseeable, and proximate result of the Defendant's misrepresentations as herein alleged, Plaintiff has general and special damages including loss of income and emotional distress.

74.     Plaintiff, under California Labor Code Section 972 seeks double damages resulting from such misrepresentations for Defendant's violation of Section 970.

75.     Plaintiff is entitled to an award of attorney fees pursuant to California Civil Code § 1021.5, and other applicable statutes.

/ / /

/ / /

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays judgment for herself against Defendants, and each of them, and DOES 1 through 25, jointly and severally, as follows:

1.    For general and special damages in an amount according to proof;

2.    For loss of earnings and earning capacity, according to proof;

3.    For prejudgment interest at the maximum legal rate on all sums awarded;

4.    For attorneys' fees and costs incurred herein;

5.    For punitive damages and exemplary damages;

6.    For declarative and injunctive relief; and

7.    For such other relief as the Court deems just and proper.


DATED:   January 11, 2017         KESLUK, SILVERSTEIN & JACOB, P.C.

By: _____
Douglas N. Silverstein, Esq.
Lauren J. Morrison, Esq.
Attorneys for Plaintiff
**THERESA PICCIOTTI**


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues so triable in the Complaint.


DATED:   January 11, 2017         KESLUK, SILVERSTEIN & JACOB, P.C.

By: _____
Douglas N. Silverstein, Esq.
Lauren J. Morrison, Esq.
Attorneys for Plaintiff
**THERESA PICCIOTTI**

*Kesluk, Silverstein & Jacob,*
9255 Sunset Blvd., Ste. 411
Los Angeles, CA 90069
Tel: (310) 273-3180
Fax: (310) 273-6137

14
PLAINTIFF'S COMPLAINT FOR DAMAGES

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Douglas N. Silverstein, Esq. (SBN 181957)<br>Lauren J. Morrison, Esq. (SBN 266135)<br>KESLUK, SILVERSTEIN & JACOB, P.C.<br>9255 Sunset Boulevard, Suite 411<br>Los Angeles, California 90069 | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County of Los Angeles<br><br>JAN 12 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Charlie L. Coleman, Deputy |

TELEPHONE NO.: 310-273-3180     FAX NO.: 310-273-6137
ATTORNEY FOR (Name): Plaintiff THERESA PICCIOTTI

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: Theresa Picciotti vs. Cognizant Technology Solutions, U.S. Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 6 4 6 5 7 1 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [x] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                   in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):*   Five (5)

5. This case [ ] is   [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 11, 2017

Lauren J. Morrison, Esq.
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition

| SHORT TITLE: Theresa Picciotti vs. Cognizant Technology Solutions, U.S. Corporation, et al. | CASE NUMBER BC 6 4 6 5 7 1 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [x] YES CLASS ACTION? [ ] YES LIMITED CASE? [ ] YES TIME ESTIMATED FOR TRIAL 7-10 [ ] HOURS/ [x] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: Theresa Picciotti vs. Cognizant Technology Solutions, U.S. Corporation, et al. | CASE NUMBER | |
|---|---|---|

| | **A** Civil Case Cover Sheet Category No. | **B** Type of Action (Check only one) | **C** Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., ②, 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

| SHORT TITLE: Theresa Picciotti vs. Cognizant Technology Solutions, U.S. Corporation, et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Theresa Picciotti vs. Cognizant Technology Solutions, U.S. Corporation, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:   19001 S. Western Avenue |
|---|---|

| CITY:<br>Torrance | STATE:<br>CA | ZIP CODE:<br>90501 | |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __January 11, 2017__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

Lauren J. Morrison, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____ BC 046671

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|---|
| | Hon. Debre K. Weintraub | 1 | 534 | | Hon. Elizabeth Allen White | 48 | 506 | |
| | Hon. Barbara A. Meiers | 12 | 636 | | Hon. Deirdre Hill | 49 | 509 | |
| | Hon. Terry A. Green | 14 | 300 | | Hon. Teresa A. Beaudet | 50 | 508 | |
| | Hon. Richard Fruin | 15 | 307 | | Hon. Michael J. Raphael | 51 | 511 | |
| | Hon. Rita Miller | 16 | 306 | | Hon. Susan Bryant-Deason | 52 | 510 | |
| | Hon. Richard E. Rico | 17 | 309 | | Hon. Howard L. Halm | 53 | 513 | |
| | Hon. Stephanie Bowick | 19 | 311 | | Hon. Ernest M. Hiroshige | 54 | 512 | |
| | Hon. Dalila Corral Lyons | 20 | 310 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| | Hon. Robert L. Hess | 24 | 314 | | Hon. Michael Johnson | 56 | 514 | |
| | Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. John P. Doyle | 58 | 516 | |
| | Hon. Barbara Scheper | 30 | 400 | | Hon. Gregory Keosian | 61 | 732 | |
| | Hon. Samantha Jessner | 31 | 407 | | Hon. Michael L. Stern | 62 | 600 | |
| | Hon. Daniel S. Murphy | 32 | 406 | | Hon. Mark Mooney | 68 | 617 | |
| | Hon. Michael P. Linfield | 34 | 408 | | Hon. William F. Fahey | 69 | 621 | |
| | Hon. Gregory Alarcon | 36 | 410 | | Hon. Monica Bachner | 71 | 729 | |
| | Hon. Marc Marmaro | 37 | 413 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| | Hon. Maureen Duffy-Lewis | 38 | 412 | | Hon. Rafael Ongkeko | 73 | 733 | |
| | Hon. Elizabeth Feffer | 39 | 415 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| | Hon. David Sotelo | 40 | 414 | | Hon. Gail Ruderman Feuer | 78 | 730 | |
| | Hon. Holly E. Kendig | 42 | 416 | | | | | |
| | Hon. Mel Red Recana | 45 | 529 | | Hon. Steven J. Kleifield | 324 | CCW | |
| | Hon. Frederick C. Shaller | 46 | 500 | | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 308 | CCW | |
| | Hon. Randolph Hammock | 47 | 507 | | | | | |

### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____ JAN 1 2 2017 _____   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

C.L. COLEMAN

# INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

## APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

## PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

## CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

## TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

## FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

## SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".
   <span style="font-size:smaller">(INSERT DATE)</span>   <span style="font-size:smaller">(INSERT DATE)</span>

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

Date:

_____   ➤  _____
(TYPE OR PRINT NAME)      (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR DEFENDANT)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

Date:

_____          ➢ _____
(TYPE OR PRINT NAME)                           (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date:   _____          _____
                                                          JUDICIAL OFFICER